IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAYMOND A. HINERMAN,

    Plaintiff,

v.                                                 Civil Action No. 5:18CV191
                                                                                          (STAMP)
JEFFREY JUMBA and
STATE FARM FIRE &
CASUALTY COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

The plaintiff, Raymond A. Hinerman ("Hinerman"), originally filed his complaint in the Circuit Court of Hancock County, West Virginia, against the defendants, Jeffrey Jumba ("Jumba") and State Farm Fire & Casualty Company ("State Farm"). ECF No. 1 at 1. Defendant State Farm removed the case to this Court citing diversity jurisdiction. Id. The plaintiff then filed a motion to remand. ECF No. 5. The parties filed a joint motion for extension of time to file and serve memoranda regarding plaintiff's motion to remand. ECF No. 7. This Court granted the joint motion for such an extension. ECF No. 9. The defendant then filed a response in opposition to plaintiff's motion to remand. ECF No. 15. The plaintiff filed a reply to the defendant's response. ECF No. 17. For the reasons set forth below, plaintiff's motion to remand (ECF No. 5) is denied.

I. <u>Background</u>

Plaintiff Hinerman and his wife allegedly purchased and maintained an insurance contract from State Farm, which specifically provided underinsured motorist coverage. ECF No. 1-1 at 3-4. The plaintiff alleges in his complaint that on or about April 17, 2011, the plaintiff's wife was traveling westbound on SR 22 in Allegheny County, Pennsylvania in a construction zone when defendant Jumba, who was also traveling westbound on SR 22, struck the plaintiff's vehicle on the left side. ECF No. 1-1 at 4. The plaintiff further alleges that, on the date of the accident, his wife was the registered owner and operator of the car at issue and that the plaintiff was a passenger. <u>Id.</u> The plaintiff then alleges that defendant Jumba was negligent and careless in: (1) failing to maintain control of the vehicle he was operating; (2) failing to drive at a safe and appropriate speed given the circumstances and conditions within the construction zone; (3) failing to keep a proper lookout for surrounding traffic conditions; (4) exceeding the posted speed limit for the construction area in question; and (5) failing to exercise due and proper reasonable care required under the circumstances. <u>Id.</u> at 4-5. Plaintiff Hinerman asserts that as a direct and proximate result of the collision, he sustained injuries to his neck, shoulder, back, and other parts of his body, and was forced to undergo multiple back surgeries and other medical treatment. <u>Id.</u>

at 5.  The complaint alleges that plaintiff Hinerman has incurred: (1) medical expenses in excess of $184,000.00 and will incur additional medical expenses in the future as his injuries are permanent in nature; (2) significant lost wages in an undetermined amount, and will suffer a loss of earning capacity in the future, as a result of his permanent injuries.  Id.  The plaintiff also alleges that he suffered mental anguish, emotional distress, physical pain and suffering, loss of enjoyment of life, and other bodily injuries, and that he will continue to suffer due to the permanent nature of those injuries.  Id. at 5-6.  Moreover, the plaintiff asserts that defendant Jumba is an underinsured motorist; and therefore, plaintiff Hinerman is seeking underinsured motorist coverage benefits from State Farm.  Id. at 5.

The defendant removed this civil action to this Court on November 20, 2018.  ECF No. 1.  In the notice of removal, the defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  ECF No. 1 at 2-4.  The defendant states that there is complete diversity because the plaintiff is a citizen of West Virginia, defendant Jumba is a citizen of Pennsylvania, and State Farm is an Illinois corporation with its principal place of business in Illinois.  Id. at 3.  The defendant states that the amount in controversy exceeds $75,000.00, exclusive

of interest and costs, based on the plaintiff's allegations as pled in the complaint. Id. at 6.

The plaintiff then filed a motion to remand, in which he argues that defendant State Farm has failed to satisfy its burden of proving complete diversity of citizenship. ECF No. 5 at 2. The plaintiff argues that the action is a "direct action," within the meaning of 28 U.S.C. § 1332(c)(1), against State Farm. Id., ECF No. 6 at 3-6. The plaintiff contends that "[a]s such, the plaintiff and State Farm are not diverse, removal is improper, and this matter should be remanded[.]" Id. (emphasis omitted). Moreover, plaintiff Hinerman asserts that the "rule of unanimity" requires all defendants to consent to removal; however, defendant Jumba, an indispensable party, has not consented to or joined in the removal of the matter. ECF No. 5 at 3, ECF No. 6 at 6-10. Plaintiff Hinerman concludes that because there is not complete diversity, and because the defendants did not strictly comply with the rule of unanimity, removal is improper, and remand should be granted. ECF No. 5. at 5, ECF No. 6 at 10.

The defendant filed a response in opposition to plaintiff's motion to remand first arguing that the "direct action" provision does not apply to plaintiff's underinsured motorist claim against State Farm. ECF No. 15 at 1-2. The defendant cites Etchison v. Westfield Ins. Co., 2005 U.S. Dist. LEXIS 27553, 2005 WL 2740607 (N.D. W. Va. Oct. 24, 2005), among other cases, for support that

since the plaintiff is not suing the tortfeasor's insurance carrier directly, but is suing his own insurance company, this is not a tort claim in which State Farm stands in the shoes of the tortfeasor. Id. at 3-7. In addition, the defendant State Farm alleges that plaintiff Hinerman's underinsured motorist claim is not a policy or contract of liability insurance, but rather is a claim to recover uninsured motorist benefits under his own policy. Id. at 7. Accordingly, defendant State Farm concludes, plaintiff Hinerman may not invoke § 1332(c)(1)(a)'s "direct action" provision. Id. at 7-9. Defendant State Farm further asserts that the "nominal party" exception to the rule of unanimity applies to defendant Jumba, and that therefore, his consent was not required for removal to this Court. Id. at 9. Specifically, defendant State Farm alleges that defendant Jumba is a nominal party because plaintiff Hinerman gave him a full and complete release and covenant not to execute, including plaintiff Hinerman's dismissal of all claims asserted against defendant in a Pennsylvania litigation that arose from the same vehicle accident that gave rise to the claims brought in this civil action. Id. at 10. Thus, the defendant concludes that defendant Jumba has no stake in this litigation and is joined only in name. Id. In summary, defendant State Farm concludes that there is complete diversity and that defendant Jumba's consent was not necessary; therefore, remand would be improper. Id. at 18.

5

The plaintiff filed a reply to defendant's response arguing that: (1) the "direct action" provision applies to this case, and (2) defendant Jumba, who is not a nominal party, did not consent in removal. ECF No. 17 at 1-2. The plaintiff admits that plaintiff's interpretation of "direct action" does not find significant support in federal district courts; however, plaintiff argues that "citizenship has taken on a broader definition over the years for purposes of diversity jurisdiction, and that plaintiff's action against State Farm should be considered a [']direct action['] for diversity jurisdiction purposes given the unique and limited nature of the action, and by a plain reading, falls completely within the language of [28 U.S.C.] § 1332(c)." Id. at 5. Plaintiff Hinerman further argues that the policy of insurance at issue is "liability insurance," within the context of 28 U.S.C. § 1332(c)(1)(a), citing plaintiff Hinerman's policy coverage and West Virginia Code § 33-1-10(e)(2). Id. at 5-6. Moreover, the plaintiff asserts that defendant Jumba is not nominal because this civil action attempts to recover underinsured benefits, and that in order to do so plaintiff seeks to obtain a judgment against defendant Jumba, whose acts or omissions are integral to State Farm's liability. Id. at 8-11. Therefore, the plaintiff concludes that remand is proper since State Farm has not satisfied its burden of proof regarding diversity jurisdiction. Id. at 11.

II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). However, courts are not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent

on the face of the plaintiff's complaint, the court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged, the notice of removal, and any other relevant materials in the record at the time of removal. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2013). Typically, removal jurisdiction should be evaluated based solely on the filings available when the notice of removal was filed. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, *1 (N.D. W. Va. Feb. 13, 2013) (citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997)). However, it may be proper for the court to consider other evidence in the record where the amount in controversy is not readily ascertainable from the pleadings. See Wright & Miller, supra § 3725.1; Mullins, 861 F. Supp. at 23.

### III. Discussion

There is no dispute in this civil action that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The main issues pertain to: (1) whether the "direct action" provision applies to this case, and, therefore, § 1332(c)(1)'s residency determination for direct action suits apply and (2) whether defendant Jumba must consent in removal. This Court addresses those issues below.

A. <u>The "direct action" provision of 28 U.S.C. § 1332(c)(1) does not apply to plaintiff's underinsured motorist claim against his own insurer, State Farm</u>

In his complaint, plaintiff Hinerman is suing his own insurance company, seeking underinsured motorist benefits under a policy he maintained with State Farm. ECF No. 1. Defendant State Farm argues that "[c]ase law from other jurisdictions is virtually unanimous in holding that a suit by an insured against his or her insurer does not constitute a 'direct action' for purposes of diversity jurisdiction under § 1332(c)(1)." ECF No. 15 at 4. For support, defendant State Farm cites <u>Elliott v. American States Insurance Company</u>, 883 F.3d 384 (4th Cir. 2018), which explains that the United States Court of Appeals for the Fourth Circuit has joined sister circuits and now holds "that 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct." <u>Id.</u> at 6 (emphasis omitted). More specifically, defendant State Farm explains that "[t]his is not a tort claim in which State Farm essentially stands in the shoes of its legally responsible tortfeasor insured. Accordingly, plaintiff's claim does not constitute a 'direct action.'" <u>Id.</u> at 7.

Plaintiff Hinerman admits in his reply that "plaintiff's interpretation of 'direct action' pursuant to 28 U.S.C. § 1332(c), for this specific [underinsured motorist coverage] claim, does not

9

find significant support throughout the federal district courts." ECF No. 17 at 5. Despite the lack of support in federal court case law, plaintiff Hinerman states that "citizenship has taken on a broader definition over the years for purposes of diversity jurisdiction," that this case is unique, is limited in nature, and by a plain reading falls under the language of § 1332(c). Id. As such, plaintiff Hinerman argues that this action should be considered a "direct action" for diversity jurisdiction purposes. ECF No. 15 at 5-6.

This Court finds that plaintiff Hinerman's case is not a "direct action" within the meaning of § 1332(c)(1). Section 1332(c)(1) states:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–(A) every State and foreign state of which the insured is a citizen . . .

28 U.S.C. § 1332(c).

Importantly, the term "direct action" is not defined in the relevant statute. However, as defendant State Farm correctly notes, the Fourth Circuit has joined other circuits in finding "that 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."

10

Elliot, 883 F.3d at 395. Plaintiff Hinerman's claim against his own insurer State Farm is not a direct action within the meaning of § 1332(c)(1) and, therefore, § 1332(c)(1)'s residency determination for direct action suits does not apply. Plaintiff Hinerman is a West Virginia resident, defendant Jumba is a Pennsylvania resident, and defendant State Farm is corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois, thus satisfying § 1332(a)(1)'s complete diversity requirement. ECF No. 1-1 at 3, ECF No. 1 at 3. As mentioned previously, the amount in controversy is not in dispute. Therefore, diversity jurisdiction exists and plaintiff Hinerman's motion for remand may be denied on this basis.

B. Defendant Jumba is a nominal party, and, therefore, his consent is not required for removal to this Court

Title 28, United States Code, Section 1441(a) provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The Supreme Court has required all defendants in a case to join in or consent to removal. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L.Ed.2d 806 (2002). This is also known as the "rule of unanimity." However, "a very important exception is that nominal or formal parties should be disregarded for purposes of the unanimity rule." Charles Alan Wright et al., 14C Federal Practice & Procedure Juris § 3730 (4th ed. 2009) (collecting cases). This

exception "ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013).

Plaintiff Hinerman contends that defendant Jumba is not a nominal defendant. ECF No. 17 at 8-11. He argues that this civil action attempts to recover underinsured benefits, and that in order to do so plaintiff seeks to obtain a judgment against defendant Jumba, whose acts or omissions are integral to State Farm's liability. Id. Defendant State Farm explains, however, that defendant Jumba is a nominal party because plaintiff Hinerman gave defendant Jumba a full and complete release and covenant not to execute, including plaintiff Hinerman's dismissal, with prejudice, of all claims asserted against defendant Jumba in a Pennsylvania litigation that arose from the same vehicle accident that gave rise to the claims brought in this civil action. Id. at 10. Thus, defendant State Farm concludes that defendant Jumba has no stake in this litigation and is joined only in name. Id.

This Court finds that defendant Jumba does not possess a sufficient stake in the proceeding to rise above the status of a nominal party. As a result, his consent is not needed to remove this action to federal court. Plaintiff Hinerman seeks no monetary judgment against defendant Jumba, nor does he seek any non-

declaratory injunctive relief. All of the claims against defendant Jumba that underlie this action have been settled. As a result, there is absolutely no reason to believe that defendant Jumba will be affected by the eventual judgment here. Were defendant Jumba not included in this action, it would have no effect on plaintiff Hinerman's ability to be made whole by State Farm. Defendant Jumba's absence would not prevent the Court from entering final judgment in favor or against the plaintiff. Absent a demonstration that defendant Jumba possesses a "palpable" interest in the outcome of the case, this Court finds that defendant Jumba is a nominal party and need not consent to the removal of this action to federal court. <u>Hartford Fire</u>, 736 F.3d at 263.

## IV. <u>Conclusion</u>

For the reasons stated, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the plaintiff's motion to remand (ECF No. 5) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 29, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE